IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LA FAMILIA DEL PASO, INC., | ) | Case No. 24-30847-CGB |
| | ) | Chapter 11 |
| Debtor. | ) | |

**MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF THE UNITED STATES OF AMERICA, SMALL BUSINESS ADMINISTRATION AND PROVIDE ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361(1), (2), 363(e)**

TO THE HONORABLE CHRISTOPHER G. BRADLEY, UNITED STATES BANKRUPTCY JUDGE:

Comes now *La Familia del Paso, Inc.*, Chapter 11 Debtor and Debtor-in-Possession herein ("*La Familia*"), through its attorneys of record Carlos A. Miranda, Esq. of *Miranda & Maldonado, P.C.*, and files its *Motion for Interim Order Authorizing Use of Cash Collateral of the United States of America, Small Business Administration and Provide Adequate Protection Pursuant to 11 U.S.C. §§ 361(1), (2), 363(e)* (the "*Motion*"), and would show the Court as follows:

### I. Procedural Background

1. This *Motion* is brought pursuant to 11 U.S.C. §§361 & 363(e).

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334 and 157, and 11 U.S.C. §§361-363.

### II. Factual Background

3. *La Familia* filed a *Voluntary Petition for Relief* under Chapter 11 of the United States Bankruptcy Code (the "Code") on **July 16, 2024**. *La Familia* remains in possession of its property and is operating the business described below.

*What La Familia Does*

4.   *La Familia* is a private **non-profit** agency that provides specialized treatment of behavioral and mental health illness through mental health professionals for both adults and children (five and up), including:

- Psychiatric evaluation to gather information about a person who may be experiencing problems with memory, thought process, and behaviors.
- Medication monitoring to ensure patients follow their regimens and are aware of prescribed medication.
- Managing symptoms prevents or treats issues as early as possible.
- Crisis management through immediate, short-term treatment to stop a critical emotional incident from getting worse.
- Independent living skills as simple as washing, shopping, talking openly with other people, brushing teeth, cleaning the house, managing money, making friends, shaving and being independent can be made difficult by mental health problems.
- Life skills programs encourage independent living, in turn, enhancing quality of life.
- Anger management through a therapeutic approach designed to help people respond to anger with appropriate behavior.
- Case Management as a means for achieving wellness and autonomy through advocacy, communication, education, identification of service resources and service facilitation, it also helps identify appropriate providers and facilities throughout continued services, while ensuring that available resources are being used in a timely and cost-effective manner.
- Food pantries supplementing local food banks.
- Thrift stores offering nominal cost items such as clothing.

*See* www.lafamiliadelpaso.com. The majority of *La Familia's* patients are low-income residents/poverty level residents of *El Paso* and *Bexar Counties, Texas*. Payment to *La Familia* for its mental health services comes from *Managed Care Organizations* ("MCO's") through servicers such as ECHO Health, Inc.[1] These MCO's include *Wellpoint* (Texas Medicaid - www.wellpoint.com/tx/medicaid), *Molina Healthcare* (www.molinahealthcare.com), *El Paso First* (www.elpasohealth.com), and *Superior Healthplan* (www.superiorhealthplan.com).

*Why Bankruptcy*

---

[1] ECHO Health, Inc. is a leading provider of electronic healthcare payment solutions, connecting payers, vendors, providers and plan members. ECHO processes 300+ million claims and $60+ billion in payments annually.
*La Familia del Paso, Inc./Small Business Administration - Motion for Authorization to Use Cash Collateral of the Small Business Administration and Provide Adequate Protection Pursuant to 11 U.S.C. §§ 361(1), (2), 363(e)* - Page 2

5.  *La Familia* sought bankruptcy relief because of delays caused by billing issues with a reimbursement provider in 2023 resulting in the failure to receive approximately $600,000. The failure to receive these funds drastically impacted its financial operations, causing *La Familia* to fall into arrears with the *Internal Revenue Service* which is owed approximately $500,000 (the "IRS") and the *Small Business Administration* which is owed approximately $2,000,000 for a <u>Economic Injury Disaster Loan</u> (the "SBA"). This prejudiced its ability to make payroll, and maintain operational expenses, including lease payments for its locations. Then in 2023, *Spectrum Imaging*, which sold *La Familia* its internet equipment, and *Great American Financial*, which then financed the purchase, filed suit in Ohio. Having no funds with which to hire Counsel and answer the suit, a *Default Judgment* was entered, and *Great American Financial* subsequently garnished approximately **$68,000** on deposit for payroll.[2]

6.  To compensate for the delays in payments and loss of funds, *La Familia* was forced to obtain financing from accounts receivable purchasers - five of them - i.e., merchant lenders. After receipt of funds, all merchant lenders started withdrawing payments on a daily, twice per week, and weekly basis. Thus, though the merchant lenders provided short-term relief, *La Familia's* financial strain was immediately aggravated by the complete loss of cash flow, and by the *Petition Date*, *La Familia* had defaulted to all merchant lenders.

7.  Having defaulted to the merchant lenders, all served **Form UCC-1 Lien Notices** on *La Familia's* providers. Thus, reimbursements for ongoing services have now been frozen based on the lien notices.

8.  *La Familia* currently has three locations from which it maintains is business offices and meets patients to determine treatment and services -

---

[2] It is *La Familia's* belief that the garnishment was within the preference period provided under §547(a) and will seek avoidance of the garnishment.

<u>La Familia del Paso, Inc./Small Business Administration - Motion for Authorization to Use Cash Collateral of the Small Business Administration and Provide Adequate Protection Pursuant to 11 U.S.C. §§ 361(1), (2), 363(e)</u> - Page 3

- 415 E. Yandell, El Paso, Texas 79902.

- 201 Darrington Rd., Darrington, Horizon City, Texas 79936.

- 6851 Citizens Pkwy., Suite 232, 2nd Fl., San Antonio, Texas 78229.

9. As of the *Petition Date*, *La Familia* served approximately **250** patients. *La Familia* provides its mental health treatment services and is primarily being reimbursed from its Managed Care Organizations ("MCO's"). *La Familia* received the total revenue for the prior years -

- 2021  $4,788,595.
- 2020  $6,639,892.
- 2019  $7,391,251.

10. Adding to *La Familia's* woes, it was forced to move from its principal business location in the summer of 2023 as a result of the leased property falling into disrepair - to such an extreme that *La Familia's* management believed it was unsafe for its staff to continue occupying.[3]

*SBA Claim – Basis for Debt*

11. In 2021 *La Familia* obtained a **Disaster COVID-19 Economic Injury loan** ("EIDL") from the *United States of America, Small Business Administration* (the "SBA"). The amount and repayment terms of the EIDL were as follows –

| | |
|---|---|
| Principal Balance: | $2,000,000 |
| Monthly Payment: | $867 (currently on a hardship plan) |
| Payment Due Date: | 12th day of month |
| Interest Rate: | 2.00% *per annum* |
| Term: | 360 Months from. |

---

[3] *La Familia* then moved its principal offices from **1225 E Cliff Dr. Bldg 3, El Paso, TX 79902** to **1415 E. Yandell, El Paso, Texas 79902**.

*La Familia del Paso, Inc./Small Business Administration - Motion for Authorization to Use Cash Collateral of the Small Business Administration and Provide Adequate Protection Pursuant to 11 U.S.C. §§ 361(1), (2), 363(e)* - Page 4

12. *La Familia* has been able to make monthly payments to the SBA prepetition. However, as financial pressures multiplied, its ability to continue the contractual payments became challenging. Thus, *La Familia* requested and received a hardship modification to its current monthly payment.

*SBA Claim – Basis for Secured Status*

13. The SBA filed a **Form UCC-1** *Financing Statement* with the Secretary of State of Texas on July 3, 2020 (the "UCC-1") –

> FILING NUMBER: 20-0032480099
> FILING DATE: 07/03/2020    04:46 PM
> DOCUMENT NUMBER: 980907200001
> FILED: Texas Secretary of State

A true and correct copy of the UCC-1 is attached as **Exhibit "A"** to this *Motion* and incorporated herein for all purposes.

*Collateral Subject to Form UCC-1*

14. The UCC-1 extends to the following personal property of *La Familia* as set forth below –

> 4. COLLATERAL: This financing statement covers the following collateral:
> All tangible and intangible personal property, including, but not limited to:
> (a) inventory, (b) equipment, (c) instruments, including promissory notes (d) chattel paper, including tangible chattel paper and electronic chattel paper, (e) documents, (f) letter of credit rights, (g) accounts, including health-care insurance receivables and credit card receivables, (h) deposit accounts, (i) commercial tort claims, (j) general intangibles, including payment intangibles and software and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The security interest Borrower grants includes all accessions, attachments, accessories, parts, supplies and replacements for the Collateral, all products, proceeds and collections thereof and all records and data relating thereto. 935632 7902

See **Exhibit "A"**. This scope of the security language encompasses *La Familia's* accounts receivable, including "*(g) accounts, including health-care insurance receivables…*". These "accounts" constitute the cash collateral of the SBA as contemplated by § 363(a) of the Code for the purpose of providing adequate protection for their continuing use by *La Familia* during the reorganization (the "*Cash Collateral*").[4]

---

[4] 11 USC 363(a) provides in part –
*La Familia del Paso, Inc./Small Business Administration - Motion for Authorization to Use Cash Collateral of the Small Business Administration and Provide Adequate Protection Pursuant to 11 U.S.C. §§ 361(1), (2), 363(e)* - Page 5

*Other Creditors Which May Claim an Interest in Cash Collateral*

15. Based on a lien search conducted with the *Texas Secretary of State*, the following creditors also claim an interest in *Cash Collateral* (based on date of the **Form UCC-1** filing (oldest to newest), and the scope of their security language.

| Lender/Creditor | Address | Amount | Date of UCC-1 Filing |
|---|---|---|---|
| United States of America, Small Business Administration ("SBA") |  | $2,000,000 | **07.03.2020** |
| Fox Capital Group, Inc. | Lieberman & Klestzick, LLP<br>Joe Lieberman, Esq.<br>P.O. Box 356<br>Cedarhurst, NY 11516 | $400,557. | **05.28.2021** |
| QFS Capital, LLC | 7901 4th St., N. Ste. 13070<br>St. Petersburg, FL 33702 | $136,492 | **11.10.2023** |
| Advance Service Group | The Law Offices of Steven Zakharyayev, PLLC<br>10 W. 37th St., RM 602<br>New York, NY 10018 | $278,535 | **02.27.2024** |

16. Thus, it is *La Familia's* position that only the SBA is entitled to adequate protection at this point for the following reasons –

   a). All **Form UCC-1's** filed after the SBA which secured unpaid debt with *Accounts Receivable* are subordinate to the SBA's lien on the same accounts receivable.

---

(a) In this section, "cash collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title.

b). The SBA's claim is for approximately **$2,000,000**. *La Familia's Accounts Receivable* total between $600,000 and $700,000 as of the *Petition Date*. Thus, the SBA's security interest encompasses all *La Familia's Cash Collateral* existing on the *Petition Date* and to be generated post-petition.

c). Creditors holding liens subordinate to the SBA on *Cash Collateral* as reflected above are unsecured as there is insufficient equity to which their lien(s) may attach.[5] Thus, unless found and ordered otherwise, *La Familia* does not propose nor intend to pay adequate protection to any other secured creditor other than the SBA during the pendency of this case.

## II. Proposed Adequate Protection to the SBA

17. *La Familia* proposes to make adequate protection payments to the SBA for use of *Cash Collateral* under the following conditions:

a). *La Familia* will make adequate protection payments of **$867 per month** beginning no later than **August 30, 2024**, and continuing thereafter on the **30th day** of each subsequent month (the "*Adequate Protection Payment*") until a *Plan* is confirmed or until further order of the Court.

b). Payment by checks or money orders will be made to the following address and *La Familia* will include the Case Number and EIN on each remittance:

**United States of America, Small Business Administration**
**(To Be Provided by SBA)**

c). *La Familia* will provide the SBA replacement liens on property, inventory, and accounts receivable acquired and generated by *La Familia* post-petition with

---

[5] *La Familia* will seek a determination of the extent of these creditors' security interest in *Cash Collateral*, if any, by filing a *Motion to Determine Secured Status*.

*La Familia del Paso, Inc./Small Business Administration - Motion for Authorization to Use Cash Collateral of the Small Business Administration and Provide Adequate Protection Pursuant to 11 U.S.C. §§ 361(1), (2), 363(e)* - Page 7

the same priority as the SBA's pre-petition lien as reflected by the filed **Form UCC-1**.

d). *La Familia* will continue maintaining casualty insurance on all business assets and provide written evidence of insurance to the SBA upon request.

e). If *La Familia* should default on the above conditions, the SBA will notify *La Familia's* attorney of the default. If the default is not cured within fifteen (15) days of the date of notification, the continued use of *Cash Collateral* may be denied, and the SBA may file a motion to dismiss or convert the case to Chapter 7. Pursuant to the terms of the proposed *Agreed Order* on the use of cash collateral, *La Familia* may cure a default twice.

f). As further future adequate protection, *La Familia* will market for sale the unimproved real property described below on which, based on a Deed of Trust in favor of the SBA creating a first lien, with the sales proceeds being allocated to closing costs; broker commission, if any, outstanding and prorated *ad valorem* real property taxes, Chapter 11 administrative expenses, and the SBA -

**Geographic ID:**

X581999129C0440

**Legal Description:**

81 TSP 1 SEC 29 T & P SURV TR 4D2 (0.0760 AC) & TR 4D3 (0.6812 AC) & TR 4D1B2C1 (0.0637 AC) & TR 4D1B2F (0.2049 AC)

Upon receipt of an acceptable *Letter of Intent* or *Contract for Purchase* of the property, *La Familia* will file a motion under § 363(b) of the Code.

  g). The order approving the use of cash collateral shall be an *Interim Order* subject to the notice requirements of Rule 4001(d) of the <u>Federal Rules of Bankruptcy Procedure</u> and *La Familia* shall serve the *Interim Order* on all Parties-in-Interest. If no objections are filed within twenty-one (21) days of service of the *Interim Order* on the use of cash collateral, it shall be deemed a *Final Order* until confirmation of any plan of reorganization filed by *La Familia* or further order of this Court.

18. *La Familia* asserts that good cause exists for entry of an *Interim Order* and requests approval from this Court of the terms set forth. Upon entry of an *Interim Order*, it is stipulated by *La Familia* to be enforceable against and binding upon it, its Estate, any Chapter 11 Trustee for the Estate, any Chapter 7 Trustee appointed after any conversion of the Bankruptcy Case, any creditors committee, and all creditors and Parties-in-Interest.

  WHEREFORE, PREMISES CONSIDERED, *La Familia, Inc.*, Chapter 11 Debtor herein, requests that this Court enter an *Interim Order* providing the following:

  a. Entry of an order approving the terms of the proposed *Interim Order* filed contemporaneously with and as detailed in this *Motion*; and

  b. Providing the Parties such further relief deemed appropriate by this Court.

        Respectfully submitted,

**MIRANDA & MALDONADO, P.C.**

/s/ Carlos A. Miranda
Carlos A. Miranda, Esq.
Carlos G. Maldonado, Esq.
5915 Silver Springs, Bldg. 7
El Paso, Texas 79912
(915) 587-5000 (Telephone)
(915) 587-5001 (Facsimile)
**cmiranda@eptxlawyers.com**
**cmaldonado@eptxlawyers.com**

Attorneys for the Debtor *La Familia del Paso, Inc.*

## CERTIFICATE OF SERVICE

    I certify that on the 17th day of July, 2024, a copy of the foregoing document was served as provided by the Electronic Case Filing System for the United States Bankruptcy Court for the Western District of Texas and to the Parties on the attached List.

/s/ Carlos A. Miranda
Carlos A. Miranda, Esq.
Attorney for the Debtor
*La Familia del Paso, Inc.*

```
Label Matrix for local noticing         La Familia Del Paso, Inc.              United States Trustee (SMG311)
0542-3                                  1511 E. Yandell                        U.S. Trustee's Office
Case 24-30847                           El Paso, TX 79902-5629                 615 E. Houston, Suite 533
Western District of Texas                                                      P.O. Box 1539
El Paso                                                                        San Antonio, TX 78295-1539
Tue Jul 16 16:15:19 CDT 2024

U.S. BANKRUPTCY COURT                   Advance Service Group                  (p)LINEBARGER GOGGAN BLAIR & SAMPSON  LLP
511 E. San Antonio Ave., Rm. 444        c/o Joe Rangel                         ATTN DON STECKER
EL PASO, TX 79901-2417                  10 W. 37th St., Room 602               112 E PECAN
                                        New York, NY 10018-7473                SUITE 2200
                                                                               SAN ANTONIO TX 78205-1588

Echo Health, Inc.                       Excelsior Cliff Drive, LLC             Fox Capital Group, Inc.
c/o Colleen Murnane                     c/o Mark Huffman                       c/o Brandon J. Gibbons
200 Public Square, Suite 3000           500 N. Akard Street, Suite 4000        705 Ross Ave.
Cleveland, OH 44114-2381                Dallas, TX 75201-6605                  Dallas, TX 75202-2007

Fox Capital Group, Inc.                 Internal Revenue Service               Internal Revenue Service (IRS)
c/o Joe Lieberman                       Centralized Insolvency Office          Centralized Insolvency Office
381 Sunrise Highway, Suite 302          P. O. Box 7346                         P. O. Box 7346
Lynbrook, NY 11563-3003                 Philadelphia, PA 19101-7346            Philadelphia, PA 19101-7346

Legend Advance Funding II, LLC          Melissa Marin                          QFS Capital, LLC
800 Brickell Ave., Suite 902            c/o Raymond D. Martinez                7901 4th St. N Suite 13070
Miami, FL 33131-2966                    2110 E. Yandell Dr.                    Saint Petersburg, FL 33702-4305
                                        El Paso, TX 79903-3516

QFS Capital, LLC                        Small Business Adminstration           Spectrum Enterprise Central
c/o Ariel Bouskila                      Little Rock Commercial Loan Servicing  c/o Cain & Daniels
1545 US 202, Suite 101                  Center 2120 Riverfront Drive, Suite 100 Presidents Plaza 4902, Eisenhower Blvd.
Pomona, NY 10970-2951                   Little Rock, AR 72202-1794             Tampa, FL 33634-6310

(p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS Texas Workforce Commission             United States Attorney General
REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION TWC Building - Regulatory Integrity Divi Department of Justice
PO BOX 13528                            101 East 15th Street                   950 Pennsylvania Ave., N.W.
AUSTIN TX 78711-3528                    Austin, TX 78778-0001                  Washington, DC 20530-0009

United States Attorney, Civil Process Clerk United States Trustee - EP12       United States Trustee's Office
Department of Justice                   U.S. Trustee's Office                  615 E. Houston, Ste. 533
601 N. W. Loop 410, Suite 600           615 E. Houston, Suite 533              P.O. Box 1539
San Antonio, TX 78216-5512              P.O. Box 1539                          San Antonio, TX 78295-1539
                                        San Antonio, TX 78295-1539

Carlos A. Miranda
Miranda & Maldonado, P.C.
5915 Silver Springs
Bldg. 7
El Paso, TX 79912-4126
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
City of El Paso                           Texas Comptroller of Public Accounts
c/o Don Stecker                           Revenue Accounting Div - Bankruptcy Sect
Weston Centre, 112 E. Pecan St., Ste. 22  P.O. Box 13528
San Antonio, TX 78205-1588                Austin, TX 78711-3528
```

**The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.**

```
(u)Advance Service Group, LLC             End of Label Matrix
                                          Mailable recipients   24
                                          Bypassed recipients    1
                                          Total                 25
```