# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **LA FAMILIA DEL PASO, INC.,** | ) | Case No. 24-30847-CGB |
| | ) | Chapter 11 |
| Debtor. | ) | |

## EMERGENCY MOTION FOR ORDER AUTHORIZING THE DEBTOR TO MAINTAIN AND USE PREPETITION BANK ACCOUNTS AT WELLS FARGO BANK

TO THE HONORABLE CHRISTOPHER G. BRADLEY, UNITED STATES BANKRUPTCY JUDGE:

Now comes La Familia del Paso, Inc., ("La Familia"), through its attorneys of record Miranda & Maldonado, P.C., as Debtor and Debtor-in-Possession in this Chapter 11 proceeding, and files this Emergency Motion for Authorization to Maintain and Use Prepetition Bank Accounts at Wells Fargo Bank (the "Motion") and in support of its Motion, La Familia would show the Court as follows:

### I. Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334 and 157. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

### II. Procedural Background

3. On **July 16, 2024**, La Familia filed a Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code (the "Petition Date"). La Familia continues to operate its business as a Debtor-In-Possession under §§1107(a) and 1108 of the Code.

### IV. Basis for Relief Requested

4. As will be reflected in La Familia's Schedules, it maintained prepetition seventeen (17) bank accounts at Wells Fargo Bank ("Wells Fargo") and two (2) bank accounts at GECU Federal Credit Union ("GECU") on the Petition Date. Debtor desires to maintain the Wells Fargo accounts post-petition as its Debtor-in-Possession account consisting of the following –

| Bank | Account number | Use |
|---|---|---|
| Wells Fargo Bank | xxx-xxx-3794 | Operating Account |
| Wells Fargo Bank | xxx-xxx-7454 | Operating Account |
| Wells Fargo Bank | xxx-xxx-3018 | Operating Account |
| Wells Fargo Bank | xxx-xxx-5509 | Operating Account |
| Wells Fargo Bank | xxx-xxx-4380 | Representative Payee Account |
| Wells Fargo Bank | xxx-xxx-9256 | Representative Payee Account |
| Wells Fargo Bank | xxx-xxx-9264 | Representative Payee Account |
| Wells Fargo Bank | xxx-xxx-9272 | Representative Payee Account |
| Wells Fargo Bank | xxx-xxx-2475 | Representative Payee Account |
| Wells Fargo Bank | xxx-xxx-1059 | Representative Payee Account |
| Wells Fargo Bank | xxx-xxx-1067 | Representative Payee Account |
| Wells Fargo Bank | xxx-xxx-1083 | Representative Payee Account |
| Wells Fargo Bank | xxx-xxx-6988 | Representative Payee Account |
| Wells Fargo Bank | xxx-xxx-7002 | Representative Payee Account |
| Wells Fargo Bank | xxx-xxx-7085 | Representative Payee Account |
| Wells Fargo Bank | xxx-xxx-7292 | Representative Payee Account |
| Wells Fargo Bank | xxx-xxx-3018 | Representative Payee Account |

(the "Accounts"). The only signatory on the account is La Familia's Executive Director **Lucia Dawson**.

5. On July 18, 2024, two days after the Petition Date, La Familia received a Letter from Wells Fargo instructing as follows -

> Wells Fargo Bank, N.A. ("Wells Fargo") has received notification of your client's bankruptcy filing. Wells Fargo is required by operation of Section 542 of the Bankruptcy Code to act in good faith to prevent the payment of pre-petition debts from a non Debtor in Possession account.
>
> **What you need to know**
> - Wells Fargo has placed a debit restraint on any open deposit accounts held in your client's name that was opened prior to the filing of case 24-30847. The restraints will remain on your client's accounts until Wells Fargo is provided a court order which allows your client continued use of the specific deposit accounts.
> - If your client does not have such an order, Wells Fargo will issue a Cashier's Check payable to your client as Debtor in Possession or transfer funds to Debtor in Possession accounts opened with Wells Fargo.

A copy of the July 18, 2024 Wells Fargo Letter is attached as **Exhibit "A"** to this Motion.

6. La Familia immediately visited the branch location from where it banks, and was informed that its accounts were frozen and it could not use its bank accounts. <u>**Wells Fargo is not a creditor of La Familia.**</u>

7. This was a critical problem because La Familia had issued direct pay payroll on Thursday night, and the accounts were frozen as of Friday. Thus, all postpetition payroll checks would be returned (approximately $31,000). La Familia issues payroll weekly.

8. La Familia was informed that its options were as follows -

 a). Have a cashier's check made, issued and made payable to "La Familia del Paso, Inc. Debtor-in-Possession", and then its prepetition accounts would be closed. This was not viable because i). La Familia does not have any other DIP Accounts; and ii). 100% of La Familia's receivables from Managed Care Organizations ("MCO's") are electronically deposited into its

prepetition accounts. Thus, to close its prepetition accounts would interrupt cash flow for an unknown period of time until the MCO's are able to deposit into new DIP accounts.

   b). La Familia sought to take advantage of Wells Fargo's suggestion in its July 18 Letter and open its DIP accounts with it. Thus, La Familia presented all paperwork on Friday morning, July 19, 2024, and the process of opening the DIP Accounts at Wells Fargo began. La Familia was initially told that Wells Fargo did not know how long it would take to make the funds in the prepetition accounts available in the DIP Accounts. However, after discussing this with La Familia's attorney, Wells Fargo stated that it would issue cashier's checks on Friday May 19, 2024 from the DIP Account to cover postpetition payroll. Moreover, Wells Fargo indicated that it would keep the prepetition accounts open indefinitely so that electronic payments would not be interrupted, and then transferred to the Wells Fargo DIP Account. It appeared that things were going to work out with minimal disruption.

9. When La Familia's Executive Director, Lucia Dawson returned to Wells Fargo on the afternoon of July 19, 2024 to pick up the payroll Cashier's Checks, she was informed that Wells Fargo had declined La Familia's request to open a DIP account because the company was considered a "RISK". No explanation was provided as to what type of "RISK" La Familia constitutes. Thus, not only could La Familia not access funds to cover payroll, Wells Fargo told La Familia it was free to open a DIP account elsewhere. La Familia has been banking with Wells Fargo for almost twenty years, thus, why it refused to open the DIP Account at this point remains unknown.

10. Wells Fargo told La Familia that if it obtained a Court order to use the prepetition accounts, then it would allow it access the funds in those accounts. La Familia's Counsel spoke with Wells Fargo's out of town bankruptcy department and was informed that this was an option, as instructed

below, and that any Order would have to have extremely detailed and specific language as follows -

**Dear Mr. Miranda:**

**Thank you for your call earlier. As we discussed, I have attached Wells Fargo's preferred language for your proposed order for continued use of the existing bank accounts. Additionally, once we have received the signed order from the court, the bank will also need signed representation from your client, on their letterhead, that they have *either* placed stop payments on any unauthorized, pre-petition checks or other outstanding payments *or* that your client has determined that no stop payments are required. The templates for both options are as follows:**

**If stop pays were placed:**

**As a duly authorized representative of LA FAMILIA DEL PASO, INC (" "Debtor"), I hereby represent and warrant to Wells Fargo Bank that stop payment orders have been placed on all outstanding and unpaid prepetition checks and other items drawn on any account which the Debtor maintains at Wells Fargo, which the Bankruptcy Court has not authorized by court order to be paid.**

**If no stop payments were required:**

**As a duly authorized representative of LA FAMILIA DEL PASO, INC (" "Debtor"), I hereby represent and warrant to Wells Fargo Bank that there are no outstanding or unpaid prepetition checks or other items drawn on and accounts that the Debtors maintain at Wells Fargo, which the Bankruptcy Court has not authorized by court order to be paid.**

**Thank you very much for your time and attention to this matter.**
**If you have questions, please email us at bnkrptrp@wellsfargo.com, or call 866-987-4283, Monday through Friday, 8:30 a.m. to 5:00 p.m. Pacific Time.**
**Sincerely,**

**Colin Lazzaro-Smith**

**Senior Legal Operations Processor**

**Deposits Bankruptcy | Funeral Trust Reporting | IOLTA/RETA**

**Wells Fargo – Consumer and Small Business Banking | 18700 NW Walker Rd |**

**Beaverton, OR 97006**

**MAC P6103-05K**

**Tel 866-987-4283 | Fax 866-617-5299**

[Colin.S.Lazzaro-Smith@wellsfargo.com](mailto:Colin.S.Lazzaro-Smith@wellsfargo.com)

A copy of the required language is attached as **Exhibit "B"** and incorporated for all purposes. The requested language has been incorporated into the proposed Order attached to this Motion.

## II. Relief Requested

11. La Familia requests an emergency order authorizing it to maintain and use its prepetition bank accounts. Pending payroll and operational expenses do not give it the luxury of visiting different banks in El Paso, Texas on the approved depository list to open new DIP Accounts.

12. It would be beneficial to the Estate to permit La Familia to maintain this account to avoid disrupting its banking process. La Familia receives payments from its MCO's through electronic fund transfers. If it became necessary to change banks and open new depository accounts, it would be disruptive to its business operations as the change process can be cumbersome and slow, thereby jeopardizing its cash flow.

13. La Familia will provide to the Office of the United States Trustee ("UST") the location and account number of the maintained account. If required, La Familia will provide the UST a reconciliation for its checking accounts at Wells Fargo and GECU including copies of bank statements and lists of outstanding checks with dates, payees and amounts and attach a copy of the monthly bank statements to its Monthly Operating Reports.

WHEREFORE, PREMISES CONSIDERED, La Familia respectfully requests that the Court enter an Order authorizing it to maintain and use the prepetition Accounts at Wells Fargo Bank and GECU Federal Credit Union as its sole depository institution post-petition and granting it such further relief deemed appropriate by this Court.

Respectfully submitted,

**MIRANDA & MALDONADO, P.C.**

/s/ Carlos A. Miranda
Carlos A. Miranda, Esq.
Carlos G. Maldonado, Esq.
5915 Silver Springs, Bldg. 7
El Paso, Texas 79912
(915) 587-5000 (Telephone)
(915) 587-5001 (Facsimile)
**cmiranda@eptxlawyers.com**
**cmaldonado@eptxlawyers.com**

**Counsel for Debtor**

### CERTIFICATE OF SERVICE

I, Carlos A. Miranda, Esq., do hereby certify that on July 22, 2024, a true and correct copy of the Motion was served, by electronic mail as provided by this Court's ECF System to the following Parties: Office of the U.S. Trustee, Office of the U.S. Trustee, San Antonio, TX 78295-1539 and the attached Matrix.

/s/ Carlos A. Miranda
Carlos A. Miranda, Esq.
Carlos G. Maldonado, Esq.
Attorneys for the Debtor

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-3<br>Case 24-30847<br>Western District of Texas<br>El Paso<br>Tue Jul 16 16:15:19 CDT 2024 | La Familia Del Paso, Inc.<br>1511 E. Yandell<br>El Paso, TX 79902-5629 | United States Trustee (SMG311)<br>U.S. Trustee's Office<br>615 E. Houston, Suite 533<br>P.O. Box 1539<br>San Antonio, TX 78295-1539 |
| U.S. BANKRUPTCY COURT<br>511 E. San Antonio Ave., Rm. 444<br>EL PASO, TX 79901-2417 | Advance Service Group<br>c/o Joe Rangel<br>10 W. 37th St., Room 602<br>New York, NY 10018-7473 | (p)LINEBARGER GOGGAN BLAIR & SAMPSON LLP<br>ATTN DON STECKER<br>112 E PECAN<br>SUITE 2200<br>SAN ANTONIO TX 78205-1588 |
| Echo Health, Inc.<br>c/o Colleen Murnane<br>200 Public Square, Suite 3000<br>Cleveland, OH 44114-2381 | Excelsior Cliff Drive, LLC<br>c/o Mark Huffman<br>500 N. Akard Street, Suite 4000<br>Dallas, TX 75201-6605 | Fox Capital Group, Inc.<br>c/o Brandon J. Gibbons<br>705 Ross Ave.<br>Dallas, TX 75202-2007 |
| Fox Capital Group, Inc.<br>c/o Joe Lieberman<br>381 Sunrise Highway, Suite 302<br>Lynbrook, NY 11563-3003 | Internal Revenue Service<br>Centralized Insolvency Office<br>P. O. Box 7346<br>Philadelphia, PA 19101-7346 | Internal Revenue Service (IRS)<br>Centralized Insolvency Office<br>P. O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Legend Advance Funding II, LLC<br>800 Brickell Ave., Suite 902<br>Miami, FL 33131-2966 | Melissa Marin<br>c/o Raymond D. Martinez<br>2110 E. Yandell Dr.<br>El Paso, TX 79903-3516 | QFS Capital, LLC<br>7901 4th St. N Suite 13070<br>Saint Petersburg, FL 33702-4305 |
| QFS Capital, LLC<br>c/o Ariel Bouskila<br>1545 US 202, Suite 101<br>Pomona, NY 10970-2951 | Small Business Adminstration<br>Little Rock Commercial Loan Servicing<br>Center 2120 Riverfront Drive, Suite 100<br>Little Rock, AR 72202-1794 | Spectrum Enterprise Central<br>c/o Cain & Daniels<br>Presidents Plaza 4902, Eisenhower Blvd.<br>Tampa, FL 33634-6310 |
| (p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION<br>PO BOX 13528<br>AUSTIN TX 78711-3528 | Texas Workforce Commission<br>TWC Building - Regulatory Integrity Divi<br>101 East 15th Street<br>Austin, TX 78778-0001 | United States Attorney General<br>Department of Justice<br>950 Pennsylvania Ave., N.W.<br>Washington, DC 20530-0009 |
| United States Attorney, Civil Process Clerk<br>Department of Justice<br>601 N. W. Loop 410, Suite 600<br>San Antonio, TX 78216-5512 | United States Trustee - EP12<br>U.S. Trustee's Office<br>615 E. Houston, Suite 533<br>P.O. Box 1539<br>San Antonio, TX 78295-1539 | United States Trustee's Office<br>615 E. Houston, Ste. 533<br>P.O. Box 1539<br>San Antonio, TX 78295-1539 |
| Carlos A. Miranda<br>Miranda & Maldonado, P.C.<br>5915 Silver Springs<br>Bldg. 7<br>El Paso, TX 79912-4126 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
City of El Paso                              Texas Comptroller of Public Accounts
c/o Don Stecker                              Revenue Accounting Div - Bankruptcy Sect
Weston Centre, 112 E. Pecan St., Ste. 22     P.O. Box 13528
San Antonio, TX 78205-1588                   Austin, TX 78711-3528
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Advance Service Group, LLC                End of Label Matrix
                                             Mailable recipients   24
                                             Bypassed recipients    1
                                             Total                 25
```